CANTU V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-436-CR

JIMMY CANTU APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. INTRODUCTION

Appellant Jimmy Cantu was assessed a ten-year sentence, probated for ten years, for the offense of possession with intent to deliver a controlled substance, namely methamphetamine, of four grams or more but less than 200 grams.  Cantu complains that the trial court abused its discretion when it denied his motion for continuance. 
 
We affirm. 

II. FACTUAL & PROCEDURAL BACKGROUND

In 1999, Cantu pled guilty to possession of a controlled substance with the intent to deliver and received a ten-year probated sentence.  Shortly after being placed on probation, Cantu failed to report to the probation department or pay his fees.  He left Tarrant County and did not report to his probation department from August 1999 to July 2003.  At a hearing on Cantu’s various probation violations, Cantu orally asked the court to continue the proceeding. In support of his request for a continuance, Cantu called his mother to testify that three different witnesses were necessary to assist in Cantu’s case.  No explanation was given as to why these witnesses were not in court that day or if they had even been contacted to testify on Cantu’s behalf.  The trial court denied Cantu’s oral motion for continuance. 

III. DENIAL OF MOTION FOR CONTINUANCE

In Cantu’s sole point, he argues that the trial court improperly denied his motion for continuance.  Cantu contends that the purpose of the motion was to obtain the testimony of witnesses who were not available.  He argues that even though there was not a sworn, written motion for continuance, the trial court may still address the motion based on equitable grounds.  The State maintains that the trial court properly denied Cantu’s motion for continuance because Cantu failed to preserve error for review and because the record does not contain any reason for granting an equitable motion for continuance. 

A. Standard of Review

The trial court’s ruling on a motion for continuance is reviewed for abuse of discretion. 
 Vasquez v. State
, 67 S.W.3d 229, 240 (Tex. Crim. App.  2002).  When reviewing abuse of discretion challenges, a wide degree of deference is given to the trial court.
  Id. 
 To establish an abuse of discretion, the defendant must show that he was actually prejudiced by the denial of his motion.  
Id. 

B. Preservation of Error

A motion for continuance not in writing and unsworn preserves nothing for review.  
See
 
Tex. Code Crim. Proc. Ann. 
arts. 29.03, 29.08 (Vernon 1989); 
 Dewberry v. State, 
4 S.W.3d 735, 755 (Tex. Crim. App. 1999), 
cert. denied, 
529 U.S. 1131 (2000).
  While some courts permit unsworn oral motions for continuance to be addressed on equitable grounds, this court has declined to do so.
  See Ricketts v. State, 
89 S.W.3d 312, 317 (Tex. App.—Fort Worth 2002, pet. ref’d);
 Woodall v. State,
 77 S.W.3d 388, 401 (Tex. App.—Fort Worth 2002, pet. ref’d) (declining to follow 
cases allowing for oral motions for continuance based on equitable principles).

Here, Cantu argues that his oral motion for continuance should have been granted on equitable grounds.  
Because Cantu offered an unwritten, unsworn motion for continuance, he preserved nothing for review.  Consequently, we overrule his sole point. 

IV. CONCLUSION

Having overruled Cantu’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: July 13, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.